# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

LUCINDA A. JOHNSON,

                        Plaintiff,

    -v.-                                          5:19-CV-853 (MAD/ATB)

ONEIDA NATION ENTERPRISE, LLC,

                        Defendant.

LUCINDA A. JOHNSON, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Lucinda A. Johnson. (Dkt. Nos. 1, 2). Plaintiff has also moved for appointment of counsel. (Dkt. No. 3).

## I.   IFP Application

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). Although plaintiff's documents are unclear, it appears that plaintiff is currently without sufficient funds to pay the filing fee. Thus, this court finds for purposes of this Order and Report-Recommendation that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## II. Facts

Plaintiff has filed this action for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. (Complaint ("Compl.")) (Dkt. No. 1). On the form-complaint, plaintiff has alleged that the defendant's discriminatory conduct includes discrimination on the basis of sex and race. (Compl. ¶ 6(A), 6(C)). Plaintiff claims that the conduct of which she complains includes termination of employment, unequal terms and conditions of employment, reduction in wages, and retaliation. (Compl. ¶ 7(B), 7(D), 7(E) & 7(F)).

Plaintiff claims that she worked as money room clerk, a floor aide, and a housekeeping supervisor at the Turning Stone Casino and Resort ("TSCR"). Plaintiff claims that she was the victim of a "sexy" assault on the job. In an Oneida Indian Nation Police Report, plaintiff stated that on January 25, 2019 and on February 20, 2019, a co-worker, named Bill touched plaintiff inappropriately.[1] Plaintiff claims that, although she did not report Bill's alleged conduct to her direct supervisor, plaintiff reported the incidents to the Human Resources Advisor on February 22, 2019. (Pl.'s Ex. 1 at 8).[2] Plaintiff claims that, even though she was told that TSCR took these allegations "very seriously," she was not taken seriously at all. (*Id.*) Plaintiff reported that Bill had been verbally abusive to plaintiff and had humiliated her since she began employment at TSCR. (*Id.*)

---

[1] Plaintiff has attached several documents as an exhibit to her complaint, including the police report. (Dkt. No. 1-1). Because the form-complaint is lacking in factual allegations, the court has read the supporting documentation in order to better understand the facts surrounding plaintiff's allegations of discrimination.

[2] The pages of plaintiff's exhibit will be cited using the number that has been assigned by the court's electronic filing system ("CM/ECF").

3

Plaintiff alleges that because of these incidents, and the mental and physical stress they caused, her physician took her out of work. (*Id.*) Plaintiff claims that Bill was not fired. Instead, plaintiff states that she was fired "after [her] doctor took [her] out for stress and mental anguish." (Compl. ¶ 8). Plaintiff has attached a letter from the Oneida Nation, dated March 21, 2019. (Pl.'s Ex. 1 at 10). The letter states that, according to the Oneida Nation's records, plaintiff had been out of work "due to [her] medical condition" since March 11, 2019. (Pl.'s Ex. 1 at 10). The letter further stated that plaintiff was not eligible for a Family Medical Leave of Absence under the Oneida Nation Enterprise's Family Medical Leave policy, "and unfortunately we can no longer maintain your active employment relationship." (*Id.*) That letter was plaintiff's "notice of separation, effective March 21, 2019, although the letter also stated that plaintiff was "eligible to reapply in the future" once plaintiff was "medically able to return, should a position become available" that plaintiff was qualified to perform.[3] (*Id.*)

Although plaintiff has also checked a box on her form-complaint stating that she was discriminated against based on "race or color," (Compl. ¶ 6(A)), she cites no facts that even reference her race or any allegations of how she determined that race was a basis for any of the acts that she describes in her complaint.

## III. Jurisdiction/Title VII

### A. Legal Standards

Title VII prohibits *employers* from discriminating against an individual based upon "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)). At the

---

[3] Plaintiff has also attached a letter from her doctor, dated March 20, 2019, stating that plaintiff was not able to work at that time, but could return to work on April 17, 2019, without any restrictions. (Pl.'s Ex. 1 at 12).

4

pleading stage, plaintiff must allege "the essential elements of an employment discrimination claim." *Id.* (citing *Petane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The plaintiff must allege that he or she belongs to a protected class, suffered an adverse employment action, and that the adverse action occurred under circumstances that give rise to "an inference of discriminatory intent." *Id.* (citing *Sanders v. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)).

However, prior to analyzing whether plaintiff states a claim for employment discrimination, the defendant must fit the statutory definition of an employer. *See Tremblay v. Mohegan Sun Casino*, 599 F. App'x 25 (2d Cir. 2015). Title VII "expressly excludes American Indian tribes from its definition of covered employers." *Id.* (citing 42 U.S.C. §2000e(b)). This exclusion extends to arms and agencies of an American Indian tribe. *Id.* (citing *Garcia v. Akwesasne Housing Authority*, 268 F.3d 76, 88 (2d Cir. 2001)). The Oneida Indian Nation is a federally recognized Indian tribe. *Laske v. Turning Stone Resort Casino*, No. 6:17-CV-249, 2017 WL 6626677, at *3 (N.D.N.Y. Oct. 25, 2017) (discussing the Nation's status as a tribe for purposes of sovereign immunity). Because the Oneida Indian Nation is a federally recognized Indian tribe, it is not an "employer," and is specifically exempt from Title VII. The court, therefore, is without subject matter jurisdiction in this case because Congress has expressly exempted the defendant from suit.[4]

---

[4] The court would also point out that as a matter of "federal common law, an Indian tribe enjoys sovereign immunity from suit except where 'Congress has authorized the suit or the tribe has waived its immunity.'" *Tremblay*, 599 F. App'x at 26 (citing *Garcia*, 268 F.3d at 84). Agencies of the tribe enjoy the same presumption of immunity in a suit for damages. *Id.* (citations omitted). In *Tremblay*, the court dismissed the plaintiff's Title VII claims because the statute specifically exempted Indian tribes, but dismissed the plaintiff's Age Discrimination in Employment Act ("ADEA") claims even though the ADEA's definition of employer did not exclude Indian tribes. 599 F. App'x at 26 (comparing 42 U.S.C. § 2000e(b) (Title VII) with 29 U.S.C. § 630(b) (ADEA)). The court dismissed

5

## III. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

In this case, there is no subject matter jurisdiction under Title VII, and no better pleading would cure this deficiency. Thus, plaintiff should not be given the opportunity to replead a Title VII complaint. However, when a court dismisses for lack of subject matter jurisdiction, the dismissal must be without prejudice. *See Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."). Thus, although the court recommends dismissal without the opportunity to amend, if the court adopts this recommendation, the case must be dismissed without prejudice.

## IV. Appointment of Counsel

### A. Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915

---

the ADEA claims based on sovereign immunity, finding that Congress did not "unequivocally express[] its purpose to abrogate tribal sovereign immunity from such suits in federal court." *Id.* The court also notes that the plaintiff in *Tremblay* continued to attempt to sue Mohegan Sun Casino in other districts and was eventually barred from filing further claims in Massachusetts against Mohegan Sun without leave of court. *See Tremblay v. Mohegan Sun Casino*, No. 17-11090, 2017 WL 4339636 (D. Mass. June 21, 2017) (citing inter alia *Tremblay v. Moheean Sun Casino*, No. 15-1701 (1st Cir. July 27, 2016); *Tremblay v. Mohegan Sun Casino*, No. 15-1701 (1st Cir. Dec. 9, 2015)).

specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

**B.     Application**

Plaintiff has filed a motion for appointment of counsel in which she simply states

that she requests an attorney to represent her because she does not have any money. (Dkt. No. 4). As stated above, financial eligibility is only one factor in the determination of whether to appoint counsel. In addition, before the court even considers the remaining *Hodge* factors, the law requires that plaintiff demonstrate to the court that she has sought to obtain pro bono counsel on her own by submitting letters from the attorneys that she contacted which have declined to take her case. *Cooper v. Sargenti*, 877 F.2d at 173-74 (Plaintiff must demonstrate by correspondence that he received from attorneys who declined to represent him).

The form-motion filed by plaintiff contains a section in which the party seeking counsel must list the attorneys that she has contacted in an "effort to obtain counsel." (Dkt. No. 3). Plaintiff has left this important part of the application blank. She has failed to submit such letters or even allege that she has contacted attorneys on her own. Thus, the court could deny plaintiff's motion on this basis alone. In addition, based on my finding above that plaintiff's case must be dismissed for lack of jurisdiction, there is no basis for the appointment of counsel. Thus, the court will deny such appointment.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 24, 2019

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge