**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LUCINDA A. JOHNSON,**

          **Plaintiff,**

vs.                 **5:19-CV-853**
                     **(MAD/ATB)**

**ONEIDA NATION ENTERS., LLC,**
          **Defendant.**

---

**APPEARANCES:**         **OF COUNSEL:**

**LUCINDA A. JOHNSON**
211 Kensington Place
Syracuse, New York 13210
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff commenced this action *pro se* on July 17, 2019. *See* Dkt. No. 1. Plaintiff asserts claims against Defendant Oneida Nation Enterprises, LLC pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") alleging sex and race discrimination. *See id.* Plaintiff filed both an application to proceed *in forma pauperis* and moved for appointment of counsel. *See* Dkt. Nos. 2 and 3.

  In a July 24, 2019 Order and Report-Recommendation, Magistrate Judge Andrew T. Baxter conducted an initial review of the complaint, granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") for filing purposes only, recommended that the complaint be dismissed in its entirety without prejudice, and denied Plaintiff's motion to appoint counsel. *See* Dkt. No. 6 at 4–5.

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2018). When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2018). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the

2

allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2018). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1) (2018).

Having carefully reviewed Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's claim pursuant to Title VII relating to alleged sex and race discrimination must be dismissed for lack of subject matter jurisdiction. Title VII prohibits discrimination by an employer based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2018). Title VII "expressly excludes American Indian tribes from its definition of covered employers." *Tremblay v. Mohegan Sun Casino*, 599 Fed. Appx. 25, 25 (2d Cir. 2015) (citing 42 U.S.C. § 2000e(b)). A casino that is "owned by an agency of a federally recognized

American Indian tribe . . . is not an employer under Title VII." *Tremblay*, 599 Fed. Appx. at 25. The Oneida Indian Nation is a federally recognized Indian tribe. *See Laake v. Turning Stone Resort Casino*, No. 6:17-cv-00249, 2017 WL 6626677, *2 (N.D.N.Y. Oct. 25, 2017). Defendant is a corporation owned by a federally recognized Indian tribe and, as such, is not an "employer" under the statutory definition of Title VII. Therefore, the Court does not have subject matter jurisdiction over Plaintiff's claim. When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Furthermore, although a district court should generally "not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 Fed. Appx. 603, 604 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, amendment would be futile as Plaintiff has not alleged any claims which would give the Court subject matter jurisdiction. *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest [ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). However, "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 11, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge